IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICIA CARROLL, individually and as personal representative of THE ESTATE OF RONALD KENNETH CARROLL, deceased,

                    Plaintiff,                    ORDER

    v.

                                             15-cv-373-wmc

JOHN CRANE INC.,

                    Defendant.

---

This case is set for trial commencing on Monday, July 17, 2017, at 9:00 a.m. The court continued the final pretrial conference today, July 13, 2017, at which the parties appeared by counsel. The court made several rulings and set deadlines for additional filings during that hearing, which this order now formalizes.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to strike the deposition designations of Robert Rygh (May 31, 2012) (dkt. #539) is DENIED IN PART AND RESERVED IN PART. Plaintiffs' objection to the designations as untimely is denied. In all other respects, the motion is reserved pending plaintiffs' filing of any further general, as well as specific, objections and any counter-designations, which is due by 12:00 p.m. on Friday, July 14.

2) Plaintiffs' sub-motion *in limine* No. 27 (dkt. #469) is GRANTED IN PART AND RESERVED IN PART. Plaintiffs may impeach defendant's experts with extrinsic evidence, but the court reserves as to the actual admission of this evidence if denied. For example, if defendant's experts deny that defendant funded certain research projects and papers, then the court will revisit whether evidence to this effect should be admitted during rebuttal.

3) With respect to certain reserved motions in defendant's omnibus motions *in limine* (dkt. #452):

   a. MIL No. 10: DENIED with respect to job sites where plaintiff worked and GRANTED with respect to all other job sites.

   b. MIL No. 11: MOOTED by defendant's withdrawal.

   c. MIL No. 12: GRANTED as unopposed.

   d. MIL No. 15: GRANTED with respect to witness testimony and evidence, but DENIED with respect to argument.

4) Defendant's motion *in limine* to preclude evidence of workers' compensation claims (dkt. #454) is GRANTED as unopposed. Defendant's other motions *in limine* concerning post-exposure evidence (dkt. ##453, 455) are RESERVED. The court will take up defendant's objections with reference to possible relevance of specific exhibits to causation tomorrow.

5) Defendant's motion *in limine* to preclude "unscientific catch phrases in lieu of causation proof" (dkt. #456) is GRANTED as to that specific request, but plaintiffs' expert may testify to the extent the science supports it that an asbestos fiber theoretically could cause mesothelioma, so long as the expert does not suggest, and plaintiff does not argue, that this would be sufficient to demonstrate liability.

6) During the July 14, 2017, telephonic conference, defendant should be prepared to advise the court as to whether Dr. Springs is available to testify adversely during the plaintiffs' case-in-chief, and if so, on which day.

7) By 5:00 p.m. on Friday, July 14, 2017, plaintiffs should advice the court as to whether Dan Herman is available to testify in person.

8) The court will continue the final conference by telephone at 12:30 p.m. on Friday, July 14, 2017, to address issues remaining before trial. Plaintiff is responsible for setting up the call to Chambers at 608-264-5087.

Entered this 13th day of July, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge