# CLOSING INSTRUCTIONS

## A. Introduction

Ladies and Gentlemen of the Jury:

You are about to hear the parties' closing arguments.  Before these arguments, I will instruct you on the law.  After closing arguments, I will provide very brief instructions governing your deliberations.  After that, the case will be in your hands.

### 1. Questions for Deliberations

As I explained at the outset of this trial, my job is to decide what rules of law apply to this case and to explain those rules to you.  It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them.  You must follow all of the rules; you may not follow some and ignore others.

The case will be submitted to you in the form of a special verdict consisting of eleven (11) questions.  [Read special verdict form.]  In answering these questions, you should consider only the evidence that has been admitted by the court during this trial.  Do not concern yourselves with whether your answers on the special verdict will be favorable to one side or another, or with what the final result of this lawsuit may be.  Note that certain questions in the verdict are to be answered only if you answer a preceding question a certain way.  Finally, read the directions before each question carefully to ensure you are *not* answering questions needlessly.

### 2. Burden of Proof

Certain questions in the verdict ask that you answer the questions "yes" or "no." The party who wants you to answer these questions "yes" has the burden of proof as to those questions. This burden is to satisfy you by the greater weight of the credible evidence, to a reasonable certainty, that "yes" should be your answer to the verdict questions. The greater weight of the credible evidence means that the evidence in favor of a "yes" answer has more convincing power than the evidence opposed to it. Credible evidence means evidence you believe in light of reason and common sense. "Reasonable certainty" means that you are persuaded based upon a rational consideration of the evidence. Absolute certainty is not required, but a guess is not enough to meet the burden of proof.

### 3. Treatise

During the trial, the court received portions of a published treatise in evidence. This evidence was not received to establish that the views expressed by the author are undisputed truths or absolute standards. The author's views should be considered as any other expert witness's opinion. You are not bound by the opinions expressed by the author any more than you are bound by the opinion of any other expert witness.

### 4. Answers Not Based on Guesswork

If, after you have discussed the testimony and all other evidence that bears upon a particular question or issue, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof

2

as to that question or issue has not met the required burden of proof.  Your answers are not to be based on guesswork or speculation.  They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question or issue under consideration.

### 5.  Ordinary Care

In answering the questions on the special verdict form, you must determine whether the defendant used "ordinary care."  Ordinary care is the care which a reasonable person would use in similar circumstances.  A manufacturer is not using ordinary care and is negligent, if the manufacturer, without intending to do harm, does something or fails to do something that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property.

## B.  Special Verdict

Now let me provide you the law as to each of the special verdict questions you will be asked to answer.

### 1.  Unreasonable Dangerousness

Question number 1 on the special verdict asks, "At the time the asbestos-containing gaskets and packing left the control of John Crane Inc. were they in such a defective condition as to be unreasonably dangerous to a user due to design, warnings,

both or neither?"  In answering question number 1, you should also consider the following:

### a. Reasonable Alternative Design

In order to show that the products were designed defectively, plaintiffs must prove that the product is defective because the foreseeable risks of harm posed by the product's design could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and the omission of the alternative design renders the product not reasonably safe.

A broad range of factors may be considered in determining whether an alternative design is reasonable and whether its omission renders a product unreasonably dangerous. The factors include, among others, the magnitude and probability of the foreseeable risks of harm, the instructions and warnings accompanying the product, and the nature and strength of buyer expectations regarding the product, including expectations arising from product portrayal and marketing.  The relative advantages and disadvantages of the product as designed and as it alternatively could have been designed may also be considered.  Thus, the likely effects of the alternative design on production costs; the effects of the alternative design on product longevity, maintenance, repair, and aesthetics; and the range of buyer choice among products are factors that may be taken into account.  A plaintiff is not necessarily required to introduce proof on all of these factors.

The factors also interact with one another.  For example, evidence of the magnitude and probability of foreseeable harm may be offset by evidence that the proposed alternative design would reduce the efficiency and utility of the product.  On

4

the other hand, evidence that a proposed alternative design would increase production costs may be offset by evidence that product portrayal and marketing created substantial expectations of performance or safety, thus increasing the probability of foreseeable harm.

### b. Instructions or Warnings

In order to show that the products were defective because of inadequate instructions or warnings, plaintiffs must prove that the foreseeable risks of harm posed by the product could have been reduced or avoided if defendant had provided reasonable instructions or warnings and the omission of the instructions or warnings rendered the product not reasonably safe.  In reaching your verdict, you may, but need not, infer that Mr. Carroll would have followed any additional instructions or warnings.

### 2.  Negligence

As an alternative, plaintiffs can show that the products were defective due to negligence in the design of the products or due to negligence in the warnings associated with the products.  It is the duty of defendant, as a manufacturer, to exercise ordinary care in the design, construction, and manufacture of its product so as to render the product safe for its intended use and also safe for unintended uses which are reasonably foreseeable.

It is the further duty of the manufacturer, in the exercise of ordinary care, to make all reasonable and adequate tests and inspections of its product so as to guard

against any defective condition that would render such product unsafe when used for its intended purpose.

A manufacturer of a product also has a duty to exercise ordinary care to warn of dangers which it knows, or should know, are associated with the proper use of the product. This duty exists whether or not the product was properly designed. "Proper use" means a use which is intended by the manufacturer. In addition, a manufacturer has the duty to warn of dangers inherent in a use not intended by the manufacturer if such unintended use is reasonably foreseeable by the manufacturer. However, a manufacturer does not have a duty to warn about dangers that are known to the user, or are obvious to or readily discoverable by potential users, or are so commonly known that it can reasonably be assumed that users will be familiar with them. Additionally, the manufacturer does not have to warn about dangers associated with unforeseeable misuses of the product.

Failure of the manufacturer to perform any such duty constitutes negligence.

### 3.  Causation of Injury

If you find defective design or warning or you find manufacturer negligence, you must then determine whether that defect or negligence was a substantial contributing factor in causing Mr. Carroll's injuries, namely his contracting mesothelioma. Plaintiffs must prove by the greater weight of the credible evidence, to a reasonable certainty, that a defect or John Crane Inc.'s negligence was a substantial contributing factor in causing

his injuries.  The defect or negligence need not be the sole cause or even the predominant cause, it need only be a substantial contributing factor in causing Mr. Carroll's injuries.

In determining whether the defect or negligence was a substantial contributing factor, you may consider the frequency, regularity and proximity of exposure, as well as other factors which contributed to producing the harm.  While a substantial contributing factor need not be the sole or predominant cause, a substantial contributing factor means something more than a possible cause.

### 4.  Safe Employment

Mr. Carroll's employer from 1959 to 1974, Wisconsin Power and Light, had a duty under the safe place law to provide safe employment for Mr. Carroll.  Safe employment is broader in scope than a safe place of employment and may require something more than a safe place to work in the physical sense.  It includes a safe place to work, but if the work situation is such, it may also require adequate training in the use of equipment, warnings, signals, or devices to advise employees of, and guard against, hazards of which they may not otherwise be apprised.  The burden of proof is on defendant, who must satisfy you by the greater weight of the credible evidence, to a reasonable certainty, what your answer should be.

### 5.  Naval Exposure

You also heard evidence that Mr. Carroll served in the United States Navy from 1956 to 1959, during which he was also exposed to asbestos.  If you find that exposure

7

was a substantial factor in causing Mr. Carroll's mesothelioma, you must determine the percentage (a portion of 100%) attributable to the U.S. Navy in causing his mesothelioma. The burden is again on defendant, who must satisfy you by the greater weight of the credible evidence, to a reasonable certainty, what your answer should be.

### 6.   Other Negligent Entities

Finally, you have also heard evidence that Mr. Carroll may have been exposed to some level of asbestos by the following entities: A.P. Green; Babcock and Wilcox; C.E. Thurston and Sons; Eagle Pilcher; Fibreboard; General Electric; H.K. Porter; Johns-Manville; Keene; Owens-Corning; and Westinghouse. If you find that one or more of these entities' negligence was a substantial factor in causing Mr. Carroll's mesothelioma, you must determine how much and to what extent each responsible entity is to blame. You will decide the percentage (a portion of 100%) attributable to each responsible entity in causing the mesothelioma. The burden of proof as to these entities is also on defendant, who must satisfy you by the greater weight of the credible evidence, to a reasonable certainty, what your answer should be.